## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| UNITED COMMUNITY FINANCIAL CORP., MARTIN E. ADAMS, LEE J. BURDMAN, SCOTT D. HUNTER, RICHARD J. SCHIRALDI, GARY M. SMALL, ELLEN J. TRESSEL, LOUIS M. ALTMAN, PATRICK W. BEVACK, SCOTT N. CREWSON, and FIRST DEFIANCE FINANCIAL CORP., | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on September 9, 2019 (the "Proposed Transaction"), pursuant to which United Community Financial Corp. ("United Community" or the "Company") will merge with First Defiance Financial Corp. ("First Defiance").

2. On September 9, 2019, United Community's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with First Defiance.  Pursuant to the terms of the Merger Agreement, shareholders of United Community will receive 0.3715 shares of First Defiance common stock for

each share of United Community they own.

3. On October 9, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of United Community common stock.

9. Defendant United Community is an Ohio corporation and a party to the Merger Agreement. United Community's common stock is traded on the NASDAQ Global Select Market

under the ticker symbol "UCFC."

10. Defendant Martin E. Adams is a director of the Company.

11. Defendant Lee J. Burdman is a director of the Company.

12. Defendant Scott D. Hunter is a director of the Company.

13. Defendant Richard J. Schiraldi is a director of the Company.

14. Defendant Gary M. Small is President, Chief Executive Officer, and a director of the Company.

15. Defendant Ellen J. Tressel is a director of the Company.

16. Defendant Louis M. Altman is a director of the Company.

17. Defendant Patrick W. Bevack is a director of the Company.

18. Defendant Scott N. Crewson is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant First Defiance is an Ohio corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of United Community (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of September 6, 2019, there were approximately 6,052,471 shares of United Community common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered

throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28. United Community is the holding company for Home Savings Bank and HSB Insurance, LLC.

29. Home Savings Bank offers a full line of commercial, wealth management, and consumer banking products and services with thirty-three retail banking offices as well as

residential mortgage loan centers.

30. On September 9, 2019, United Community's Board caused the Company to enter into the Merger Agreement with First Defiance.

31. Pursuant to the terms of the Merger Agreement, shareholders of United Community will receive 0.3715 shares of First Defiance common stock for each share of United Community common stock they own.

32. According to the press release announcing the Proposed Transaction:

> First Defiance Financial Corp (Nasdaq: FDEF) ("First Defiance") and United Community Financial Corp. (Nasdaq: UCFC) ("United Community") announced today the signing of a definitive merger agreement under which United Community will merge into First Defiance in a stock-for-stock transaction. Home Savings Bank, a wholly owned subsidiary of United Community, will merge into First Federal Bank of the Midwest, a wholly owned subsidiary of First Defiance.
>
> Under the terms of the merger agreement, shareholders of United Community will receive 0.3715 shares of First Defiance common stock for each share of United Community common stock. Based upon a closing price for First Defiance as of September 6, 2019 of $26.32, the transaction is valued at approximately $473 million. Upon closing, First Defiance shareholders will own approximately 52.5% of the combined company and United Community shareholders will own approximately 47.5%. . . .
>
> The Board of Directors of the combined company will be comprised of seven members designated by First Defiance (including Mr. Hileman and its current Chairman, John Bookmyer) and six members designated by United Community (including Mr. Small and its current Chairman, Richard Schiraldi who will be named Vice Chairman). The directors of the combined company will be determined in the coming months and identified prior to the closing of the transaction.
>
> The transaction is expected to close early in the first quarter of 2020, subject to the approval of shareholders of both First Defiance and United Community and regulatory approvals, as well as satisfaction or waiver of other customary closing conditions. The combined company will operate under a name to be jointly determined prior to closing and the holding company will be headquartered in Defiance, Ohio with the bank headquartered in Youngstown, Ohio. The combined company will continue to provide the substantial philanthropic and community investment provided by First Defiance and United Community prior to the merger.

First Defiance expects the transaction to deliver run-rate earnings per share accretion of approximately 14%, with cost savings on a fully-phased in basis. Applying pro forma merger adjustments and assuming an expected early 2020 closing, dilution to tangible book value per share is estimated to be approximately 4%, inclusive of restructuring charges with an earnback period of approximately 1.8 years using the crossover method. On a pro forma basis, the business is expected to deliver top-tier operating and return metrics with cost savings on a fully-phased in basis, including return on average tangible common equity in excess of 17% and return on average assets in excess of 1.5%. For additional information, please see the investor presentation associated with this announcement at www.fdef.com/Presentations or ir.ucfconline.com.

Keefe, Bruyette & Woods, A Stifel Company served as financial advisor and provided a fairness opinion to First Defiance. Barack Ferrazzano Kirschbaum & Nagelberg LLP served as First Defiance's legal counsel. Sandler O'Neill + Partners, L.P. served as financial advisor and provided a fairness opinion to United Community. Wachtell, Lipton, Rosen & Katz served as United Community's legal counsel.

### *The Registration Statement Omits Material Information*

33. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

35. First, the Registration Statement omits material information regarding the Company's and First Defiance's financial projections.

36. With respect to the Company's financial projections, the Registration Statement fails to disclose projected cash flow and all underlying line items.

37. With respect to First Defiance's financial projections, the Registration Statement fails to disclose projected cash flow and all underlying line items.

38. The Registration Statement also fails to disclose the combined company's financial projections.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Sandler O'Neill + Partners, L.P. ("Sandler").

41. With respect to Sandler's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Sandler in the analyses.

42. With respect to Sandler's Net Present Value Analysis of United Community, the Registration Statement fails to disclose: (i) the terminal values of United Community; (ii) Sandler's basis for applying price to 2023 earnings multiples ranging from 10.0x to 15.0x and multiples of December 31, 2023 tangible book value ranging from 130% to 205%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 11.0% to 15.0%.

43. With respect to Sandler's Net Present Value Analysis of First Defiance, the Registration Statement fails to disclose: (i) the terminal values of First Defiance; (ii) Sandler's basis for applying price to 2023 earnings multiples ranging from 10.0x to 15.0x and multiples of December 31, 2023 tangible book value ranging from 130% to 205%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 11.0% to 15.0%.

44. With respect to Sandler's Pro Forma Transaction Analysis, the Registration Statement fails to disclose: (i) the assumptions relating to purchase accounting adjustments, cost savings, and transaction expenses used by Sandler in the analysis; (ii) the extent to which the

Proposed Transaction could be accretive to First Defiance's estimated earnings per share in the years ending December 31, 2020 through December 31, 2023; (iii) the extent to which the Proposed Transaction could be dilutive to First Defiance's estimated tangible book value per share at close and at December 31, 2020; (iv) the extent to which the Proposed Transaction could be accretive to First Defiance's estimated tangible book value per share at December 31, 2021, December 31, 2022, and December 31, 2023; and (v) the nature of Sandler's discussion with United Community's Board as to how the analysis would be affected by changes in the underlying assumptions.

45. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

46. Third, the Registration Statement fails to disclose the nature of the other potential strategic alternatives to the Proposed Transaction as discussed at the July 23, 2019 Board meeting.

47. The Company's stockholders are entitled to an accurate description of the process leading up to the execution of the Merger Agreement.

48. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) United Community's Reasons for the Merger; Board Recommendation; (iii) Opinion of United Community's Financial Advisor; and (iv) Certain Unaudited Prospective Financial Information.

49. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and United Community

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  United Community is liable as the issuer of these statements.

52. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

53. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and First Defiance

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants and First Defiance acted as controlling persons of United Community within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of United Community and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60. Each of the Individual Defendants and First Defiance was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

62. First Defiance also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63. By virtue of the foregoing, the Individual Defendants and First Defiance violated Section 20(a) of the 1934 Act.

64. As set forth above, the Individual Defendants and First Defiance had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 18, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com